ORIGINAL

Demetrius Sissac
NAME
AR3472
PRISON NUMBER

Calipatria State Prison
CURRENT ADDRESS OR PLACE OF CONFINEMENT

Calipatria, CA 92233-5004
CITY, STATE, ZIP CODE

**FILED**

SEP - 6 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

2264 ✓ 1983
**FILING FEE PAID**
Yes____ No ✓
**IFP MOTION FILED**
Yes ✓ No____
**COPIES SENT TO**
Court ✓ ProSe____

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Demetrius Sissac
(FULL NAME OF PETITIONER)

PETITIONER

Civil No   **'16CV2287 BAS JLB**

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

v.

W.L. Montgomery
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

Kamala D. Harris

The Attorney General of the State of
California, Additional Respondent.

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   San Diego, East County Division, Superior Court 17

2. Date of judgment of conviction: _____06/28/2013_____

3. Trial court case number of the judgment of conviction being challenged: _SCE315928_

4. Length of sentence: _____Forty years to Life_____

CIV 68 (Rev. Jan. 2006)

5. Sentence start date and projected release date: ____8/16/13 to BP Hearing 11/2/2016____

6. Offense(s) for which you were convicted or pleaded guilty (all counts): __PC 187 (a) Second__
   __Degree Murder with Allegations PC 12022.53(b),(c) and (d)__

7. What was your plea? (CHECK ONE)
   (a) Not guilty        ☒
   (b) Guilty            ☐
   (c) Nolo contendere   ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury        ☒
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the <u>California Court of Appeal</u>?
    ☒ Yes ☐ No

11. If you appealed in the <u>California Court of Appeal</u>, answer the following:
    (a) Result: ___Judgment affirmed___
    (b) Date of result (if known): _____06/10/15_____
    (c) Case number and citation (if known): _____D064910_____
    (d) Names of Judges participating in case (if known)_____

    (e) Grounds raised on direct appeal: __Multiple Evedentiary Errors/ Unauthenticated,__
        __Foundationless, unreliable hearsay of purported text messages and purported cell__
        __phone activity/Improper lay opinions of prosecution's primary witnesses.__

12. If you sought further direct review of the decision on appeal by the <u>California Supreme</u>
    <u>Court</u> (e.g., a Petition for Review), please answer the following:
    (a) Result: _____Judgment affirmed_____
    (b) Date of result (if known): _____06/10/15_____
    (c) Case number and citation (if known): __Case No. D064910 Citation S225613__

    (d) Grounds raised: __Purported Cell Activity Records Inadmissible lacking any Foundation__
        __or Authentication/Statements in pretext call inadmissible hearsay/Admission of__
        __improper lay opinion.__

13. If you filed a petition for certiorari in the <u>United States Supreme Court</u>, please answer the following with respect to that petition:

   (a) Result: _____

   (b) Date of result (if known): _____

   (c) Case number and citation (if known): _____

      _____

   (d) Grounds raised: _____

      _____

      _____

      _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Superior Court</u>?
☐ Yes  ☒ No

15. If your answer to #14 was "Yes," give the following information:

   (a) <u>California Superior Court</u> Case Number (if known):_____

   (b) Nature of proceeding: _____

      _____

   (c) Grounds raised: _____

      _____

      _____

      _____

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
      ☐ Yes  ☐ No

   (e) Result: _____

   (f) Date of result (if known): _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Court of Appeal</u>?
☒ Yes  ☐ No

17. If your answer to #16 was "Yes," give the following information:

    (a) <u>California Court of Appeal</u> Case Number (if known): <u>D064910</u>

    (b) Nature of proceeding: <u>Petition for Writ of Habeas Corpus</u>

    (c) Names of Judges participating in case (if known) <u>Judith Mc Connell</u>

    (d) Grounds raised: <u>Ineffective Assistance of Counsel on all grounds raised in Direct Appeal</u>

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☒ No

    (f) Result: <u>Judgment affirmed</u>

    (g) Date of result (if known): <u>06/10/15</u>

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Supreme Court</u>?
☐ Yes ☒ No

19. If your answer to #18 was "Yes," give the following information:

    (a) <u>California Supreme Court</u> Case Number (if known):

    (b) Nature of proceeding:

    (c) Grounds raised:

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☐ No

    (e) Result:

    (f) Date of result (if known):

20.   If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the <u>California Supreme Court</u>, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21.  Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☒ Yes ☐ No     (IF "YES" SKIP TO #22)
    (a)  If no, in what federal court was the prior action filed? _____
       (i)  What was the prior case number? _____
       (ii)  Was the prior action (CHECK ONE):
            ☐ Denied on the merits?
            ☐ Dismissed for procedural reasons?
       (iii)  Date of decision: _____
    (b)  Were any of the issues in this current petition also raised in the prior federal petition?
            ☐ Yes ☐ No
    (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
            ☐ Yes ☐ No

---

<u>CAUTION:</u>
*   <u>Exhaustion of State Court Remedies:</u>  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

*   <u>Single Petition:</u>  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

*   <u>Factual Specificity:</u>  You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**:  THE SYNERGISTIC EFFECT OF TRIAL COUNSEL'S HANDLING OF THE MULTIPLE SERIOUS EVIDENTIARY ERRORS COMPELS REVERSAL. EVEN IF THE INDIVIDUAL EFFECT OF EACH ERROR DOES NOT COMPEL REVERSAL.

Supporting FACTS: Most of the issues in this case come from the purported records of cell phone activity between Petitioner, Devin, Glenn and Roy after the alleged shooting incident occured. The prosecution relied heavily on this evidence to persuade the jury to convict Petitioner of murder. However; the prosecution failed to properly authenticate or lay a foundation for the purported records of cell phone activity. Beyond that, even if the records were considered true and accurate, the sttements them- selves were inadmissible unreliable hearsay. The introduction of this evidence brings up multiple reversible errors, which are addressed in Grounds II and III. Also, the purported statements in the pretext call were inadmissible unreliable hearsay. This error is brought up in Ground IV. To add to these many errors, the prosecution's primary witnesses were allowed to issue improper lay opinions on the ultimate factual and legal issues the jury was to decide, bringing up the last error in Ground 5. Trial counsel failed to properly challenge this evidence so as to prevent its admission in the first instance and to preserve Petitioner's right to challenge the admission of the evidence on appeal, which (CON'T)

Did you raise <u>GROUND ONE</u> in the <u>California Supreme Court</u>?

☑ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition For Review

(2) Case number or citation: _____ S225613 _____

(3) Result (attach a copy of the court's opinion or order if available): ___ Denied ___

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.)  If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: _____

_____

_____

Supporting FACTS: _ JEOPARDIZED PETITIONER''S right to a fair trial,
reliable determination of guilt and his ability to seek relief from the
judgment on appeal given the potential effects of the forfeiture rule,
Thus, counsel's omissions deprived Sissac of his state and federal rights
to effective assistance of counsel because the performance "fell below
an objective standard of reasonableness... Under prevailing professional
norms." (Parle v. Runnels, supra, 505 F.3d 922,928, citing Donnelly v.
DeChristoforo, Supra, 416 U.S. at p. 643, and Chambers v. Mississippi,
supra, 410 U.S. at p. 290, fn.3)
(United States v. Frederick (9th Cir. 1996) 78 F.3d 1370, 1381)
(Brecht v. Abrahamson (1993) 507 U.S. 619,637)
(Strickland v. Washington, supra, 466 U.S. at p. 687.)

_____

_____

_____

_____

_____

Did you raise GROUND ONE in the California Supreme Court?

☐ Yes ☐ No.

If yes, answer the following:

(1)   Nature of proceeding (i.e., petition for review, habeas petition): _____

(2)   Case number or citation: _____

(3)   Result (attach a copy of the court's opinion or order if available): _____

CIV 68 (Rev. Jan. 2006)

cv

Court of Appeal, Fourth Appellate District, Division One - No. D064910

S225613

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

THE PEOPLE, Plaintiff and Respondent,

v.

DEMETRIUS SISSAC, Defendant and Appellant.

---

The petition for review is denied.

SUPREME COURT
FILED

JUN 1 0 2015

Frank A. McGuire Clerk

_____
Deputy

CANTIL-SAKAUYE
_____
*Chief Justice*

(b) **GROUND TWO:** COUNSEL WAS INEFFECTIVE FOR FAILING TO RENEW AT TRIAL HIS PRETRIAL OBJECTIONS TO THE ADMISSION OF THE PURPORTED TEXT MESSAGES AS UNAUTHENTICATED, LACKING ADEQUATE FOUNDATION, AND CONSTITUTING INADMISSIBLE HEARSAY IN ANY EVENT.

Supporting FACTS: The prosecution made essentially no showing at all to authenticate or lay a foundation for the text messages purportedly exchanged between Devin and Sissac before Devin testified at length to the purported content of the messages and even read them directly into the record. (See 2RT 29-35; 4RT 444-459) The only evidence that the prosecution presented concerning the origin or authenticity of the messages content was the testimony of homicide detective Daniel Pearce put on long after Devin had left the witness stand - using "printouts" and "logs" of of cell phone data that Pearce had generated himself in preparation for trial. Pearce testified he did nothing more than use a software program to download and create records of the activity of the cell phones collected from Sissac, Devin and Glenn. (6RT 870-896.) The purported text messages were clearly hearsay. (Evidence Code, Section 1200, subd.(a) ["Hearsay" is evidence of a statement made outside the presence of the trier of fact which is introduced to prove the truth of the matter asserted]) specifically, that Sissac had admitted or "adopted" the truth of Devin's assertions that "this is crazy" " I didn't even do shit," "You need to be a man own up," "Do the right thing," and the like. (4RT 456-459.) The statements in the writing at issue must also pertain to "a matter as to which the witness has insufficient present recollection to enable him to testify fully and accurately" (Evid. Code, section 1237, Subd.(a) ), and there was never any showing that Devin Lacked sufficient independent recollection(cont.)

Did you raise GROUND TWO in the California Supreme Court?

☑ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition For Review

(2) Case number or citation: _____ S225613 _____

(3) Result (attach a copy of the court's opinion or order if available): Denied _____

(b) **GROUND TWO**: _____

_____

_____

Supporting FACTS: of the text messages to testify about them without re-
viewing the records presented. According to the prosecution, the purported
text message exchanges between Devin and Sissac constituted "adoptive
admissions." "Evidence of a statement offered against a party is not made
inadmissible by the hearsay rule if the statement is one of which the party
with knowledge of the content thereof, has by words or other conduct
manifested his adoption or his belief in its truth." (quoting Evid. Code
Section 1221.) "If a person is accused of having committed a crime, under
circumstances which fairly afford him an opportunity to hear, understand,
and to reply and which do not lend themselves to an inference that he was
relying on the right of silence guaranteed by the Fifth Amendment to the
United States Constitution, and he fails to speak, or he makes an evasive
or equivocation may be offered as an implied or adoptive admission of guilt."
The purported statements in the text messages at issue were not direct
accusations that Sissac had shot Hamrah, or committed any other specific
crime. DEvin made no mention of the particular incident or conduct they
were discussing, the place, date, or time that the incident or conduct had
occurred. Devin referred to "this" or "this shit" to describe the subject
of concern in telling Sissac "turn yourself in," "do the right thing," and
pray." (4RT 456-459.) Sissac's purported responses can not be used as the
missing link here either. The sum of what he supposedly said was: "I'ma call
you later" after Devin said "turn yourself in" because "This shit is not (cont.)

Did you raise GROUND TWO in the California Supreme Court?

☐ Yes ☐ No.

    If yes, answer the following:

    (1)   Nature of proceeding (i.e., petition for review, habeas petition): _____

    (2)   Case number or citation: _____

    (3)   Result (attach a copy of the court's opinion or order if available): _____

(b) **GROUND TWO**: _____

_____

_____

Supporting FACTS:  going to be on my heart." " I know" after Devin said

"this is way back." (4RT 456-459.) There's no showing in Sissac's

responses that he either understood these vague non-specific statements

to mean Devin accused him of having shot Hamrah, or that he adopted the

statements as truth so to admit such conduct.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND TWO in the California Supreme Court?**

☐ Yes ☐ No.

   If yes, answer the following:

   (1)   Nature of proceeding (i.e., petition for review, habeas petition): _____

   (2)   Case number or citation: _____

   (3)   Result (attach a copy of the court's opinion or order if available): _____

Court of Appeal, Fourth Appellate District, Division One - No. D064910

S225613

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

THE PEOPLE, Plaintiff and Respondent,

v.

DEMETRIUS SISSAC, Defendant and Appellant.

---

The petition for review is denied.

SUPREME COURT
**FILED**

JUN 1 0 2015

Frank A. McGuire Clerk

_____
Deputy

CANTIL-SAKAUYE
_____
*Chief Justice*

(c) **GROUND THREE**: COUNSEL WAS INEFFECTIVE IN FAILING TO SPECIFICALLY OBJECT TO THE EVIDENCE OF DELETED TEXT MESSAGES AND THE PHONE CALLS BETWEEN SISSAC AND ROY.

Supporting FACTS: The admission of the various foundationless and unreliable purported records of cell phone activity led to prejudicially erroneous errors; namely, the admission of the evidence that Sissac had supposedly "deleted" the purported text messages between him and Devin (6RT 888-889) and that Sissac and Roy had phone contact after the incident (6RT 793-794, 800-801, 808-809, 823-824, 836-837).

Being derived from the same purported records of cell phone activity, the same basic problems persist: the prosecution failed to authenticate the evidence, and failed to lay an adequate foundation for it. The evidence was inadmissible double hearsay because neither the purported underlying records nor the statements purportedly contained within them satisfied an exception to the hearsay rule (Lilly v. Virginia, supra, 527 U.S. at p. 138) and the evidence should have been excluded in any event given that whatever probative value it may have had was substantially out weighed by the risk of undue prejudice of confusion of the issues (Old Chief v. United States, supra, 519 U.S. at p. 180) The prejudice admission of the underlying purported records of cell phone activity beget further prejudice in the admission of this additional evidence, which consisted of extrapolations from and conclusions built directly upon those records. This violated Sissac's fundamental constitutional rights to due process, a fair trial, to confront and cross-examine adverse witnesses and to a reliable determination of guilt. (Continued)

Did you raise GROUND THREE in the California Supreme Court?

☑ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition For Review

(2) Case number or citation: _____ S225613

(3) Result (attach a copy of the court's opinion or order if available): _____ Denied

(c) **GROUND THREE**: _____

_____

_____

Supporting FACTS:   (U.S. Const., Amends. V,VI,VIII,XIV) Being allowed to
draw out unsupported extrapolations and conclusions from the purported cell
phone records gave the prosecution an unfair advantage in being able to
elicit Detective Pearce's opinion that - from his review of the "Print
Outs" and "Logs" that he himself produced in preparation for trial-Sissac
had actually deleted the text messages between him and Devin. In this
instance the prosecution not only becomes a benefactor of improper expert
opinion, but also helps cite the opinion as showing consciousness of guilt
by asserting that Sissac's supposed act of deleting the messages was his
attempt to "hide" evidence of his guilt. (8RT 1261,1368) Also, in relying
upon the purported cell phone records to question Roy about his alleged
phone contacts with Sissac after the incident (6RT 810-812,830-835), the
prosecutor took further unfair advantage of this unreliable evidence by
suggesting that Roy was being untruthful in testifying that he did not
communicate with Sissac after the incident (see 6RT 793-794,800-801,808
-809,823-824,836-837). Roy's credibility mattered to the defense because
the question of whether Sissac admitted to shooting Hamrah on the scene
relied on who the jury would believe: Devin and Glenn who claimed Sissac
made such statements or Roy/ who said he did not. The exacerbation of the
prejudicial error in the admission of underlying purported cell phone
activity records through the testimony drawing out purported extrapolations
and conclusions from those records constitutes reversible error both (Con't)

Did you raise GROUND THREE in the California Supreme Court?

☐ Yes ☐ No.

    If yes, answer the following:

    (1)  Nature of proceeding (i.e., petition for review, habeas petition): _____

    (2)  Case number or citation: _____

    (3)  Result (attach a copy of the court's opinion or order if available): _____

(c) **GROUND THREE**: _____

_____

_____

Supporting FACTS:  independently and when viewed collectively with the

other errors under the rubric of cumulative prejudice. (Parle v. Runnels,

supra, 505 F. 3d at p. 928.)

Counsel initially objected to the underlying records on foundational and

hearsay grounds, he did not specifically object to the evidence of

Sissac's alleged message deletions and the calls with Roy and thus jeopar-

dized Sissac's rights to due process, a fair trial, to confront and cross

examine adverse witnesses, and to a reliable determination of guilt, as

well as Sissac's right to challenge the admission of this evidence on

appeal.  Counsel's omissions constituted prejudicially ineffective assis-

tance of counsel given the "reasonable probability" that, but for counsel's

ineffectiveness in the handling of these evidentiary errors, the outcome

would have been more favorable to Sissac. (Strickland v. Washington, supra

466 U.S. at p. 687).

_____

_____

_____

_____

_____

_____

_____

_____

Did you raise GROUND THREE in the California Supreme Court?

☐ Yes ☐ No.

    If yes, answer the following:

    (1)   Nature of proceeding (i.e., petition for review, habeas petition): _____

    (2)   Case number or citation: _____

    (3)   Result (attach a copy of the court's opinion or order if available): _____

CIV 68 (Rev. Jan. 2006)

cv

Court of Appeal, Fourth Appellate District, Division One - No. D064910

S225613

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

THE PEOPLE, Plaintiff and Respondent,

v.

DEMETRIUS SISSAC, Defendant and Appellant.

---

The petition for review is denied.

SUPREME COURT
FILED

JUN 1 0 2015

Frank A. McGuire Clerk

Deputy

CANTIL-SAKAUYE
*Chief Justice*

(d) **GROUND FOUR**:  COUNSEL WAS INEFFECTIVE FOR "CONCEDING" THAT THE STATEMENTS IN THE PRETEXT CALL WERE ADMISSIBLE AS "ADOPTIVE ADMISSIONS"

Supporting FACTS:   The one phone call between Devin and Sissac that was admitted into trial was wrongly deemed as adoptive admissions. Before trial, trial counsel had argued that the statements in this call did not constitute "true admissions." (2RT 46) However, the court found that there was "some incriminating language in it." (2RT 79,80) Counsel agreed with the court that the call contained "what could be deemed admissions." (2RT 82) While this call was admitted, there were also two calls that were excluded by the court. One pretext call made between Sissac and Devin earlier on the day of the call that was admitted, and the other a post-arrest jail call between Sissac and his mother. The court found these phone calls irrelevant and precluded by Evidence Code section 352 to the extent the evidence may have been relevant. (2RT 45, 79-81,105-106) The prosecutor had also sought to introduce the statements in these calls as "adoptive admissions" (2RT 80.) The court, however reasoned that "there's no admissions in them," "there's nothing incriminating about them," and "there's nothing in that call, one way or another, without a lot of speculation, conjecture, it's ambiguous." (2RT 79,80.) The trouble on appeal is the statements in these two calls were substantially similar in content and context to the statements in the pretext call that the court admitted, with counsel's agreement, on the basis that they were "adoptive admissions," and thus they too should have been excluded for the very same reasons. Both the admitted and excluded statements vaguely (Con't)

Did you raise GROUND FOUR in the California Supreme Court?

☑ Yes ☐ No.

If yes, answer the following:

(1)   Nature of proceeding (i.e., petition for review, habeas petition): __Petition For Review__

(2)   Case number or citation: _____ S225613 _____

(3)   Result (attach a copy of the court's opinion or order if available): __Denied__

(d)   **GROUND FOUR**: _____

_____

_____

Supporting FACTS:  refer to "this" or "that" in describing the topic of

discussion in the conversations, leaving it simply unclear as to just

what the participants in the conversations were discussing. Sissac should

not be saddled with the effects of the forfeiture rule based on counsel's

failure to challenge this evidence. Given counsel's failure to challenge

this evidence. Given counsel's own recognition that the statements of this

very sort were not only inadmissible as irrelevant (1CT 101,125) but also

subject to preclusion under  Evidence Code section 352 to the extent

they may have been relevant, there could have been no reasonable strat-

egic or tactical basis for ultimately "conceding" these statements were

admissible. (see Strickland v. Washington, supra 466 U.S. at p. 687[ the

representation is "deficient" when it "fell below an objective standard

of reasonableness under prevailing norms"].) This serious evidentiary

error resulted in a violation of Sissac's fundamental constitutional

rights to due process, a fair trial, to confront and cross-examine

adverse witnesses, and to a reliable determination of guilt (U.S. Const.

Amends. V,VI,VIII, XIV). There exists a "reasonable probability of a

better result that is "Sufficient to undermine confidence in the outcome"

(Strickland v. Washington, supra, 466 U.S. at p. 687).

_____

_____

_____

Did you raise GROUND FOUR in the California Supreme Court?

☐ Yes ☐ No.

If yes, answer the following:

(1)   Nature of proceeding (i.e., petition for review, habeas petition): _____

(2)   Case number or citation: _____

(3)   Result (attach a copy of the court's opinion or order if available): _____

Court of Appeal, Fourth Appellate District, Division One - No. D064910

S225613

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

THE PEOPLE, Plaintiff and Respondent,

v.

DEMETRIUS SISSAC, Defendant and Appellant.

---

The petition for review is denied.

SUPREME COURT
FILED

JUN 1 0 2015

Frank A. McGuire Clerk

Deputy

CANTIL-SAKAUYE
*Chief Justice*

GROUND FIVE

(c) ▓▓▓▓▓▓▓:    COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT

TO THE IMPROPER LAY OPINIONS OF THE PROSECUTION'S PRIMARY

WITNESSES ON THE ULTIMATE FACTUAL AND LEGAL ISSUES.

Supporting FACTS: The fundamental right to a jury trial as guaranteed

under the state and federal constitutions "at base, is the right to have

the jury decide the ultimate question of a defendant's guilt or innocence.

(United States v. Gaudin, supra, 515 U.S. at p. 514) "This, then, was the

historical guarantee of the Sixth Amendment: [the] right of criminal

defendants to demand that the jury decide guilt or innocence on every

issue."(Gaudin, at p. 513.)" Taken together [with the right of due process]

These rights indisputably entitle a criminal defendant to a jury deter-

mination that [he] is guilty of every element of the crime with which it

is charged beyond a reasonable doubt. "(Apprendi v. New Jersey (2000)

530 U.S. 466,476-477, quoting Gaudin, at p. 510) And "the jury's constitu-

tional responsibility is not merely to determine the facts, but to apply

the law to those facts and draw the ultimate conclusion of guilt or inno-

cence." (Gaudin, at p. 514.) ["A consistent line of authority in Calif-

ornia as well as other jurisdictions holds a witness cannot express an

opinion concerning the guilt or innocence of the defendant."] United

States v. Lockett supra, 919 F. 2d at p. 590 ["A witness is not permitted

to give a direct opinion about the defendant's guilt or innocence."];

United State v. Espinosa (9th Cir. 1987) 827 F. 2d 604,612.) Witnesses

May only testify to opinions that assist the trier of fact, and opinions

on the ultimate question of guilt or innocence are necessarily of no such

assistance since they simply usurp the role of the jury.(United States (Cont.)

Did you raise GROUND THREE in the California Supreme Court?

☑ Yes ☐ No.

If yes, answer the following:

(1)  Nature of proceeding (i.e., petition for review, habeas petition): Petition For Review

(2)  Case number or citation: _____ S225613 _____

(3)  Result (attach a copy of the court's opinion or order if available): Denied

CIV 68 (Rev. Jan. 2006)

GROUND FIVE

(c) ██████████: _____

_____

_____

Supporting FACTS:  v. Crawford, supra, 239 F.3d at p. 1090) In similar vein, a

witness is not permitted to testify to a legal conclusion, to the meaning

or definition of a legal term, or to the manor in which the law is to be

applied to the facts. A lay witness may testify as to an ultimate issue of

fact, so long as the testimony is otherwise admissible. [Citation.] The

lay witness may not, however testify as to a legal conclusion, such as the

correct interpretation of a contract."].) United States v. Crawford, supra

239 F. 3d at p. 1090.

　　　Nevertheless, there very sort of improper opinions became part of

this trial. During his testimony, DEvin was allowed to announce his opin-

ion that Hamrah was "innocent" in the situation, and that what Sissac had

done was "a sin," just wrong," and in fact "murder," which is why Devin

had "come forward" because he could not "live with," that. (4RT 444-445,

473.) Glen was also permitted to testify that by having shot Hamrah

(according to Glenn's version of the facts). Sissac was responsible for

"murdering" him. (5RT 656.) of course, claims that Hamrah was "innocent"

and that Sissac had committed "Murder" purposted  to be conclusion not

only on the ultimate question of whether Sissac was the perpetrator of

the shooting but also on the particular form of his alleged culpability.

i.e., that it was "Murder" as opposed to manslaughter. Further, in being

permitted to testify that Sissac's alleged conduct constituted "Murder"

the witnesses were also purpostedly redendering improper opinions on the (CONT.)

Did you raise GROUND THREE in the California Supreme Court?

☐ Yes ☐ No.

　　If yes, answer the following:

　　(1)　Nature of proceeding (i.e., petition for review, habeas petition): _____

　　(2)　Case number or citation: _____

　　(3)　Result (attach a copy of the court's opinion or order if available): _____

## GROUND FIVE

(d) ████████:

Supporting FACTS: definition or meaning of this specific legal term and how that term should be applied to the facts as the witnesses had relayed them. Trial counsel's failure to object to this testimony as improper opinions constituted ineffective assistance of counsel. Accordingly, it would be inappropriate to hold Sissac accountable for counsel's ommission. (see Coleman v. Thompson (1991) 501 U.S. 722, 754[the forfeiture rule does not apply to omissions resulting from ineffective assistance of counsel].) This improper intrusion upon the province of the jury to decide the ultimate questions in the case based upon the law as defined by the court resulted in a violation of Sissac's fundamental right to effective assistance counsels and in turn his fundamental jury trial rights that counsel's ineffectiveness placed in jeopardy (United States v. Gaudin, supra, 515 U.S. at p. 514). Given the weakness of the independent evidence of guilt (much of which was itself erroneously admitted, as discussed), both individually and in combination with the other prejudicial evidentiary errors, reversal is required given the "reasonable probability" of a better result that is sufficient to undermine confidence in the outcome" [Strickland v. Washington, supra 466 U.S. at p. 687).

Did you raise GROUND FOUR in the California Supreme Court?

☐ Yes ☐ No.

If yes, answer the following:

(1)   Nature of proceeding (i.e., petition for review, habeas petition): _____

(2)   Case number or citation: _____

(3)   Result (attach a copy of the court's opinion or order if available): _____

Court of Appeal, Fourth Appellate District, Division One - No. D064910

S225613

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

THE PEOPLE, Plaintiff and Respondent,

v.

DEMETRIUS SISSAC, Defendant and Appellant.

---

The petition for review is denied.

SUPREME COURT
FILED

JUN 1 0 2015

Frank A. McGuire Clerk

_____
Deputy

CANTIL-SAKAUYE
*Chief Justice*

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes   ☒ No

24. If your answer to #23 is "Yes," give the following information:

(a) Name of Court: _____

(b) Case Number: _____

(c) Date action filed: _____

(d) Nature of proceeding: _____

_____

(e) Name(s) of judges (if known): _____

(f) Grounds raised: _____

_____

_____

_____

_____

(g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes   ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: _____ Bethany Ulch _____

(b) At arraignment and plea: _____ Bethany Ulch _____

(c) At trial: Timothy E. Campen 2720 5th Ave. Suite I, San Diego, CA 92103

(d) At sentencing: Timothy E.Campen 2520 5th Ave. Suite I

(e) On appeal: Raymond M. Diguiseppe, P.O. Box 10790, Southport, NC 28461

(f) In any post-conviction proceeding: Raymond M. DiGuiseppe, P.O. Box 10790, Southport, NC 28461

(g) On appeal from any adverse ruling in a post-conviction proceeding: Raymond M. Diguiseppe, P.O. Box 10790, Southport, NC 28461

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes   ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes   ☒ No

    (a) If so, give name and location of court that imposed sentence to be served in the future:

    _____

    (b) Give date and length of the future sentence: _____

    _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    ☐ Yes   ☐ No

28. Consent to Magistrate Judge Jurisdiction

   In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

   The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

   You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
_____08 / 31 / 16_____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_08 / 31 / 16_____          _____
(DATE)                               SIGNATURE OF PETITIONER

# *VERIFICATION*

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

### (C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, _Demetrius Sissac_ DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE _Petitioner_ IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _31 st_ DAY OF: _August_ 2016 AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

(SIGNATURE) _____
(DECLARANT/PRISONER)

---

## *PROOF OF SERVICE BY MAIL*

### (C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, _Demetrius Sissac_ AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002, CALIPATRIA, CALIFORNIA #92233-5002.

ON _08 / 31_ 2016 I SERVED THE FOREGOING: _Original Copy of Federal Habeas Corpus_

### (SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

_Clerk of U.S. District Court, Room 4290_
_880 Front Street_
_San Diego, CA 92101-8900_

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _08/31/16_ _____
(DECLARANT/PRISONER)



Demetrius Sissac - AR34172
A3/241
P.o. Box 5001
California, CA 92233

Clerk of US District
Court, Room 4290
880 Front Street
San Diego, CA 92101-8900

$003.25

US POSTAGE

GENERATED FROM
CALIPATRIA STATE PRISON