# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS SISSAC,<br><br>       Petitioner,<br><br>v.<br><br>W.L. MONTGOMERY, Warden,<br><br>       Respondent. | Case No.: 16-2287 BAS (JLB)<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME**<br><br>**[ECF No. 10]** |

  Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On November 29, 2016, Respondent filed an answer to the Petition and lodged with the Court all records bearing on the merits of Petitioner's claims. (ECF Nos. 7 and 8.) On December 19, 2016, Petitioner filed a motion seeking a 30 day extension of time to file a traverse. For good cause shown, Petitioner's motion is GRANTED, and **IT IS HEREBY ORDERED:**

  1. No later than **January 2, 2017**, Respondent shall cause its November 29, 2016 answer and lodgments (ECF Nos. 7 and 8) to be mailed to Petitioner's address of record in this case.

  2. Petitioner may file a traverse to matters raised in the answer (ECF No. 7) **no later than February 2, 2017**. Any traverse by Petitioner (a) must state whether Petitioner

admits or denies each allegation of fact contained in the answer; (b) must be limited to facts or arguments responsive to matters raised in the answer; and (c) must not raise new grounds for relief that were not asserted in the Petition.  Grounds for relief withheld until the traverse will not be considered.  No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown.

3. A request by a party for an extension of time within which to comply with this Order must be made in advance of the due date, and the Court will grant such a request only upon a showing of good cause.  Any such request must be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

4. Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Petitioner's traverse is due.

5. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel).  Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

6. Petitioner must immediately notify the Court and counsel for Respondent of any change of Petitioner's address.  If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

Dated:  December 28, 2016

Hon. Jill L. Burkhardt
United States Magistrate Judge