XAVIER BECERRA
Attorney General of California
DANIEL ROGERS
Acting Supervising Deputy Attorney General
KEVIN VIENNA
Deputy Attorney General
VINCENT P. LAPIETRA
Deputy Attorney General
State Bar No. 255985
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 738-9049
 Fax:  (619) 645-2044
 E-mail:  Vincent.LaPietra@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEMETRIUS SISSAC,**<br><br>                                  Petitioner,<br><br>     v.<br><br>**W.L. MONTGOMERY, Warden,**<br><br>                                  Respondents. | 16cv02287-BAS (JLB)<br><br>**OPPOSITION TO MOTION FOR STAY AND ABEYANCE**<br><br>Judge: The Honorable Jill L. Burkhardt |

Petitioner Demetrius Sissac has moved to stay his Petition so that he may exhaust state remedies. (Doc. 14.) The State opposes Sissac's motion because Sissac has not even attempted to explain the reason for his failure to exhaust and because his claims are unmeritorious.

Following conviction, counsel for Sissac separately filed an appeal (Lod. 3) and a petition for writ of habeas corpus (Lod. 6) in the California Court of Appeal. Sissac's appeal consisted of evidentiary-error claims. His habeas petition alleged

1

ineffective assistance of trial counsel for failing to object to the evidentiary errors alleged on appeal. The California Court of Appeal denied Sissac's motion to consolidate the cases and issued separate disposition orders. (Lod. 5, 7.) With respect to Sissac's appeal, counsel filed a petition for review in the California Supreme Court. (Lod. 8.) Sissac took no further action in state court on the ineffective-assistance claims contained in the habeas petition denied by the California Court of Appeal.

Sissac filed a federal habeas Petition comprised entirely of the ineffective-assistance claims presented only the California Court of Appeal. In its Answer, the State asserted that the Petition is wholly unexhausted and meritless. Sissac now moves for a stay so that he may exhaust his claims.

This Court "has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*.[1]" *Mena v. Long*, 813 F.3d 907 (2016). A petitioner is eligible for such a stay only when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intention ally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. Although good cause in this sense does not require a showing of extraordinary circumstances, *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2004), the Ninth Circuit has rejected a "broad interpretation of 'good cause.'" *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). Good cause is not shown where the petitioner created the condition that led to the failure to exhaust. *Id*. (no good cause shown where petitioner was under the "impression" that appellate counsel had exhausted the claims).

In this case, Sissac makes no attempt to establish good cause for failing to exhaust his claims. Good cause is not apparent from the record. Moreover, as discussed in the Answer, Sissac's claims are unmeritorious. The state court rejected

---

[1] *Rhines v. Weber*, 544 U.S. 269 (2005).

1 | the underlying evidentiary-error claims on the merits. Counsel cannot have been constitutionally deficient for failing to raise the issues in the trial court. This Court should deny Sissac's Motion for Stay.

Dated: January 24, 2017

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
KEVIN VIENNA
Deputy Attorney General

*/s/ Vincent P. LaPietra*
VINCENT P. LAPIETRA
Deputy Attorney General
*Attorneys for Respondent*

SD2016800749
71278648.doc

# CERTIFICATE OF SERVICE

Case Name:  **Sissac v. Montgomery**          No.  **16cv02287-BAS (JLB)**

I hereby certify that on <u>January 24, 2017</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**OPPOSITION TO MOTION FOR STAY AND ABEYANCE**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>January 24, 2017</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Demetrius Sissac**
**#AR3472**
**R.J. Donovan Correctional Facility**
**Yard A, Bldg. 3, Cell 121**
**480 Alta Road**
**San Diego, CA  92179**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>January 24, 2017</u>, at San Diego, California.

|  B. Romero  |  *B. Romero* (signature) |
|---|---|
|  Declarant  |  Signature  |

SD2016800749
71278735.doc71278735.doc