UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Demetrius Sissac, | Case No.: 16-cv-02287-BAS-JLB |
|---|---|
| Petitioner, | **ORDER GRANTING MOTION TO STAY** |
| v. | |
| W.L. Montgomery, | [ECF No. 14] |
| Respondents. | |

## I. INTRODUCTION

Petitioner Demetrius Sissac, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his San Diego County Superior Court conviction of second degree murder with a firearm in case number SCE315928. (ECF No. 1 at 1; ECF No. 8-14 at 1-2.)[1] Respondent filed its Answer and Memorandum of Points and Authorities in Support of the Answer, arguing in part that the Petition should be dismissed for failure to exhaust. In response, Petitioner filed a motion seeking a stay and abeyance of the claims raised in the Petition to afford him time to exhaust his claims before the California Supreme Court ("Motion to Stay"). (ECF No. 14.) Respondent filed an opposition to the Motion to Stay,

---

[1] Page numbers for docketed materials cited herein refer to those imprinted by the court's electronic case filing system.

and Petitioner filed a reply thereto. (ECF Nos. 16, 18.) The Motion to Stay is presently before the Court.

## II. BACKGROUND

A jury found Petitioner guilty of second degree murder with a firearm. (ECF No. 8-14 at 2.) The trial court sentenced him to a total term of forty years to life. (*Id.*) Through counsel, Petitioner separately filed both an appeal (ECF No. 8-12) and a petition for writ of habeas corpus (ECF No. 8-15) in the California Court of Appeal. The appeal consisted of evidentiary-error claims. The habeas petition alleged the trial counsel was ineffective for failing to object to the evidentiary-error claims made on appeal. (*Id.*) On March 3, 2015, the Court of Appeal denied Petitioner's motion to consolidate the two cases and issued separate disposition orders, affirming the judgment and denying relief. (ECF Nos. 8-14, 8-16, and 18 at 3.)

The Court of Appeal's habeas order on Petitioner's state habeas petition was a one page disposition order that incorporated its thirty-one page disposition order denying Petitioner's appeal. The text of the habeas order was as follows:

> Demetrius Sissac's petition for writ of habeas corpus has been read and considered by Justices Nares, Haller, and Mclntyre.[]
>
> Sissac's petition relates to the claims of prejudicial evidentiary error and ineffective assistance of counsel raised in his direct appeal. For reasons explained in our opinion in the direct appeal, we reject Sissac's claims.
>
> The petition is denied, as is appellant's motion to consolidate the petition with the appeal.

(ECF No. 18 at 3 (footnote omitted); *see also* ECF No. 8-16.) The habeas order also included a single footnote that stated, "By order dated June 16, 2014, this court directed that the petition be considered at the same time as the appeal in this matter (*People v. Sissac* (Mar. 3, 2015, D064910) [nonpub. opn.]). We take judicial notice of that appeal." (ECF No. 18 at 3.)

Then, still represented by counsel, Petitioner filed a petition for review before the California Supreme Court with respect to the appeal only. (ECF No. 8-17.) Petitioner took no further state-court action on his ineffective-assistance claims – the same claims for which he seeks federal habeas relief in this case.

## III. ANALYSIS

The Petition is comprised of the following five claims for habeas relief: (1) the cumulative impact of errors and omissions by trial counsel deprived Petitioner of his right to a fair trial; (2) trial counsel was ineffective for failing to renew at trial his pretrial objections to the admission of text messages; (3) trial counsel was ineffective in failing to specifically object to evidence of deleted text messages and telephone calls; (4) trial counsel was ineffective for conceding that Petitioner's statements in a recorded telephone call were admissible; and (5) trial counsel was ineffective in failing to object to improper lay opinion testimony by witnesses. (ECF No. 1.) Petitioner argues that he recently learned that each of these claims are unexhausted, and thus filed the Motion to Stay so that he can exhaust his claims before the California Supreme Court. (ECF No. 14, 18.)

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). The petitioner must give the state courts a full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process, which includes seeking discretionary review. *See O'Sullivan v. Boerkel*, 526 U.S. 838, 841-47 (1999); *Farmer v. Baldwin*, 497 F.3d 1050, 1053 (9th Cir. 2007). Thus, in California, habeas

///
///
///
///

3

16-cv-02287-BAS-JLB

petitioners are required to exhaust their claims in a petition for review to the California Supreme Court.[2] *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999).

Recently, in *Mena v. Long*, 813 F.3d 907, 911 (9th Cir. 2016), the Ninth Circuit held that "a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines* [*v. Weber*, 544 U.S. 269 (2005)]." A stay under *Rhines*, "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Any such stay must be limited in time to avoid indefinite delay. *Id*.

On January 24, 2017, Respondent filed its opposition to Petitioner's Motion to Stay. (ECF No. 16.) Respondent argues that a stay is not appropriate here because Petitioner failed to show good cause for his failure to exhaust and Petitioner's claims are meritless. (*Id.*) On reply, however, Petitioner provides a declaration explaining the circumstances behind his belief that he had exhausted both his appellate and habeas claims before the California Supreme Court. (ECF No. 18.) Petitioner states:

> Respondent has filed his Opposition to my motion for a Stay and Abeyance claiming 'good cause' was not shown. It is true a petition for Writ of Habeas Corpus was filed separately [*sic*] from an Appeal in the California Court of Appeal on my behalf. While these two motion[s] were filed separately [*sic*], there was also a motion put in to consolidate the two cases and have them decided together. This motion for consolidation of the Appeal and Habeas Petition was denied. However, I never received the Court Order of the denial, therefore it was my assumption this whole time that my petition for review in the California Supreme Court applied to both my direct appeal, and my habeas petition.

---

[2] Courts can excuse this exhaustion requirement if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Petitioner does not argue that either of these exceptions should apply here.

4

> I filed the habeas petition in the United States District Court under the belief that my petition was fully exhausted and had not realized my error until after the respondent brought it up in his answer to my Petition for Writ of Habeas Corpus. I spoke with Counsel Raymond M. Diguiseppe state bar No: 228457 who was assigned to my appeal. He informed me that he had in fact mailed the denial for consolidation in a timely matter to me, but that it might have been lost in the mail. This document has recently been mailed to me and there is no more confusion on this matter. (see attached document) I want to inform the court that in no way am I trying to use stall tactics and that I am ready for my habeas petition to be decided in the District Court. I am asking the Court to grant me a Stay and Abeyance so that I can fully exhaust these issues and have them decided. I believe my habeas petition does hold merit on account of it addresses my Sixth Amendment Right to Assistance of Counsel.

(ECF No. 18 at 1-2.) Petitioner's claimed good faith belief that he thought he had exhausted his claims with the California Supreme Court is consistent with Petitioner checking the box, as to each ground, indicating he had raised the ground in the California Supreme Court in case number S225613.[3] His claim of having a good faith belief that he had exhausted is further supported by the fact that Petitioner, in order to demonstrate exhaustion, attached to his Petition the June 10, 2015 California Supreme Court order denying his appeal in case S225613. (ECF No. 1.)

The Court finds that Petitioner has shown good cause for a stay of his Petition. Although the Court at this stage makes no determination on the merits of this case, Petitioner raises colorable federal claims and the Court cannot say at this time that Petitioner clearly has no hope of prevailing. *See Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) ("principles of comity and federalism demand that the federal court refrain from ruling on the merits of the [unexhausted] claim unless 'it is perfectly clear that the petitioner

---

[3] Concededly, the Petition is internally inconsistent, in that, earlier in the Petition, in response to the question of whether Petitioner had previously filed any petitions ("e.g., a Petition for Writ of Habeas Corpus") in the California Supreme Court, Petitioner checked, "No."

has no hope of prevailing'"). In addition, it appears that no prejudice would inure to the parties by granting the requested stay. Also, there is no indication that Petitioner has engaged in intentionally dilatory litigation tactics.

Therefore, the Court will grant Petitioner's motion for a stay of the proceedings and will hold the Petition in abeyance pending exhaustion of Petitioner's state remedies.

However, the Court will not hold the Petition in abeyance indefinitely. No later than **June 9, 2017**, Petitioner must inform the Court of the status of the habeas proceedings before the California Supreme Court, including the date(s) his case(s) were filed, the case number(s), and any outcome(s). Further, Petitioner must proceed diligently to pursue his state court remedies, and Petitioner must file a new status report regarding the status of his state court habeas corpus proceedings before the California Supreme Court every sixty (60) days after the filing of the initial status report. Following a disposition order by the California Supreme Court on Petitioner's state habeas petition, Petitioner will be allowed thirty (30) days within which to file a motion to vacate the stay to have his newly exhausted claims decided in this District Court. Failure to comply with these instructions and time allowances will result in this Court vacating the stay nunc pro tunc to the date of this order.

## IV. CONCLUSION

For the reasons outlined above, the Motion to Stay (ECF No. 14) is **GRANTED**. No later than **June 9, 2017**, Petitioner must inform the Court of the status of the state habeas proceedings before the California Supreme Court, including the date(s) his case(s) were filed, the case number(s), and any outcome(s). Further, Petitioner must file a new status report regarding the status of his state court habeas corpus proceedings before the California Supreme Court every sixty (60) days after the filing of the initial status report. Following a disposition order by the California Supreme Court on Petitioner's state habeas petition, Petitioner will be allowed thirty (30) days within which to file a motion to vacate the stay to have his newly exhausted claims decided in this District Court. Petitioner is
///
///

cautioned that failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order.

Dated: May 10, 2017

Hon. Jill L. Burkhardt
United States Magistrate Judge