JONATHAN B. JORDAN, CSBN 105815
Law Offices of Jonathan B. Jordan
2534 State Street, Suite 201
San Diego, CA 92103
T (619) 516-8149

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| DEMETRIUS SISSAC, | Case No: 16-cv-02287-BAS (JLB) |
|---|---|
| Petitioner, | |
| v. | NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND PETITION FOR WRIT OF HABEAS CORPUS |
| W.L. MONTGOMERY, Warden, | |
| Respondents. | Hearing Date: February 12, 2018 |
| | No Oral Argument unless Requested by the Court |

**PETITIONER'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND PETITION FOR WRIT OF HABEAS CORPUS**

TO THE **HONORABLE CYNTHIA BASHANT**, DISTRICT JUDGE FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that on February 12, 2018, or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Cynthia Bashant, located at 333 W. Broadway, San Diego, CA 92101, Petitioner, Demetrius Sissac, ("Mr. Sissac")

will, and hereby does, move for an order granting leave to file an Amended Petition and ordering that the Amended Petition submitted with this motion be deemed filed. The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Mr. Sissac's Amended Petition, and the [Proposed] Order filed herewith, on all of the files and records of this action, and on any additional material that may be elicited at the hearing of this motion.

## MEET AND CONFER

Counsel attempted to meet and confer on December 21, 2017 via email with attorney for Respondent. However, it was undersigned counsel's belief that any amendment to the Petition required a noticed motion rather than a stipulation due to the Magistrate's previous orders on that issue.

## MOTION FOR LEAVE TO AMEND

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and (d), Petitioner Demetrius Sissac respectfully submits this Motion for Leave to File an Amended Petitioner for Writ of Habeas Corpus.

## BACKGROUND

Mr. Sissac filed the original Petition in Pro Se capacity on September 6, 2016. The Court stayed the matter for a period of time for him to exhaust his other remedies and lifted said stay in July 2017. Mr. Sissac subsequently hired undersigned counsel to

assist with the Habeas Petition and was granted two extensions of time to file a motion for an amended petition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs the amending and supplementing of complaints. Rule 15(d) provides that a party may, with leave of the court, "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(a) permits a party to amend a pleading "with the opposing party's written consent or the court's leave." "Motions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are subject to the same standard." *See, e.g.*, *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008).

"The court should freely give leave [to amend or supplement] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Wildearth Guardians*, 592 F. Supp. 2d at 23 ("The decision whether to grant leave to amend or supplement a complaint is within the discretion of the district court, but leave 'should be freely given unless there is good reason . . . to the contrary'" (quoting *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996)). "[T]he nonmovant bears the burden of persuasion that a motion to amend should be denied," and absent a "sufficient reason," "it is an abuse of . . . discretion to deny a motion to amend." *Nichols v. Greater Se. Cmty. Hosp.*, No. 03-cv-2081 (JDB), 2005 WL 975643, at *1 (D.D.C. Apr. 22, 2005).

NOTICE OF MOTION AND MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Armstrong v. Bush*, 807 F. Supp. 816, 818-19 (D.D.C. 1992) (Rule 15 "has been liberally construed to allow amendments in the absence of undue delay or undue prejudice to the opposing party").

No sufficient reason to deny leave is present here. Petitioner was given a specific date by which to file a motion to amend, and he has timely moved for leave pursuant to the Court's order. (*See* Dkt. No. 27). Moreover, there is plainly no prejudice to Montgomery.

## CONCLUSION

For the foregoing reasons, this Court should grant Petitioner's leave to file his proposed Amended Petition.

Dated: December 21, 2017    Respectfully submitted,

/s/ Jonathan B. Jordan
JONATHAN B. JORDAN, CSBN 105815
Law Offices of Jonathan B. Jordan
2534 State Street, Suite 201
San Diego, CA 92103
T (619) 516-8149
*Attorney for Petitioner*