JONATHAN B. JORDAN, CSBN 105815
Law Offices of Jonathan B. Jordan
2534 State Street, Suite 201
San Diego, CA 92103
T (619) 516-8149

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS SISSAC,<br><br>    Petitioner,<br><br>    v.<br><br>W.L. MONTGOMERY, Warden,<br><br>    Respondents. | Case No: 16-cv-02287-BAS (JLB) |

**PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND PETITION FOR WRIT OF HABEAS CORPUS**

**I. INTRODUCTION**

Through this motion, Mr. Sissac seeks leave to file his Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a) and this Court's Order dated October 27, 2017. Mr. Sissac's Amended Petition, attached hereto as Exhibit A, adds additional factual allegations relating to Mr. Sissac's previous Petition. Mr. Sissac's Amended

Petition is timely, does not cause any prejudice to W.L. Montgomery, Warden and should be permitted.

## II. STATEMENT OF FACTS

Mr. Sissac filed this Petition on September 6, 2016. On September 26, 2016, the Court Ordered a Setting Briefing Schedule and Notice of Opportunity to Consent to Magistrate Judge Jurisdiction. Respondent must file a Notice of Appearance by 10/17/2016. Motion to Dismiss due 12/2/2016 and Opposition to Motion due 1/3/2017, or, Answer by Respondent due 12/2/2016 and Traverse by Petitioner due 1/2/2017. Petitioner has consented to proceed before a U.S. Magistrate Judge. Respondent must execute and return either a "Consent to Exercise Jurisdiction by a United States Magistrate Judge and Order of Reference" or a "Notice of Intent to Proceed before District Judge" by 11/17/2016. On December 28, 2016 the Court granted Petitioner's 12/19/2010 motion for an extension and ordered Petitioner to file his Reply to Respondent's Response. Traverse by Petitioner due by 2/2/2017. MOTION for Reconsideration re Order on Motion for Extension of Time to Answer filed by W.L. Montgomery. On 12/30/2016 the Court granted Montgomery's Motion for Reconsideration. On 01/19/2017, Petitioner filed a motion for Stay and Abeyance to Exhaust Administrative Remedies. On 01/23/2017 ordered that Respondent shall file response to the motion for to Stay by 1/30/2017. On 01/24/2017 Montgomery filed the Response in Opposition to Stay. On 02/10/2017 Petitioner filed a response to

Respondent's Opposition to motion for Stay and Abeyance to Exhaust Administrative Remedies. On 05/10/2017 the Court granted Petitioner's Motion to Stay and Abeyance. On 07/28/2017, a status report was filed by Mr. Sissac's newly retained attorney who also entered his appearance. On 08/15/2017, the Court vacated the stay and ordered that any motion seeking to amend the Petition shall be filed by 9/8/2017. A request by a party for an extension of time of any deadline must be made 10 calendar days in advance of the deadline(s) at issue. Unless otherwise ordered by the Court, this case will be deemed submitted on 9/8/2017. On 08/28/2017, Petitioner filed a Motion for Extension of Time to File Motion to Amend the Petition was filed and on 08/30/2017 it was granted stating any motion to amend the Petition shall be filed by 11/3/2017. Unless otherwise ordered by Court, this case will be deemed submitted 11/3/2017. On 10/26/2017 a second motion for Extension of Time to File Motion to Amend Petition was filed by Petitioner. The Court, on 10/27/2017, granted in part and denied in part Petitioner's Motion for Extension of Time to File Motion to Amend Petition. Stating: Any motion to amend the Petition shall be filed by 12/22/2017. Court cautions Petitioner that no further extensions of time will be granted absent extraordinary circumstances. Unless otherwise ordered by Court, this case will deemed submitted by 12/22/2017.

      Accordingly, Mr. Sissac seeks an order permitting Mr. Sissac to file the proposed Amended Complaint.

## III. ARGUMENT

**A. Leave Should Be Granted To Amend the Complaint.**

    **1. Leave Is Freely Granted.**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *see, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); *Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same); *see also* Moore, *3-15 Moore's Federal Practice - Civil* §15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)."). The primary factors relied upon by the Supreme

Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186. None of these factors are present here.

**B. Amendment Should Be Permitted.**

Mr. Sissac's Amended Petition is timely and should be allowed. In its October 27, 2017 Order, this Court permitted the Petitioner to seek leave to amend the Petition until December 22, 2017. This motion is being filed prior to that deadline. Furthermore, Mr. Sissac falls well within the liberal standard for freely allowing the amendment of pleadings. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment . . . the leave sought should, as the rules require, be 'freely given.'")

There is no prejudice to Warden Montgomery here. Additionally, Mr. Sissac's Amended Petition does not change the nature of the Petition. Accordingly, Warden Montgomery will not be prejudiced by an order granting leave to file Mr. Sissac's Amended Petition.

Moreover, Mr. Sissac offers its Amended Complaint in good faith and without undue delay. Mr. Sissac's amends based upon the assertion of additional details in support of its previously asserted claims. *See Coilcraft*, *Inc. v. Inductor Warehouse*, 2000 U.S. Dist. LEXIS 6097, *8-9 (no bad faith where plaintiff made "reasonable

inquiry" into facts supporting new claim, introduced relevant evidence, and "has never mischaracterized the nature of the lawsuit").

In sum, Mr. Sissac's Amended Petition was filed timely and in good faith, contains claims similar to those originally asserted and does not prejudice Warden Montgomery. Consequently, none of the factors on which courts base denial of motions for leave to amend are present here. Thus, Mr. Sissac's motion for leave should be granted.

## IV. CONCLUSION

For the reasons discussed above, Petitioner respectfully seeks leave of this Court to file the proposed Amended Petition.

*Respectfully Submitted,*

Dated December 21, 2017        /s/ Jonathan B. Jordan
                                                    JONATHAN B. JORDAN, CSBN 105815
                                                    Law Offices of Jonathan B. Jordan
                                                    2534 State Street, Suite 201
                                                    San Diego, CA 92103
                                                    T (619) 516-8149
                                                    attorneyjjordan@aol.com
                                                    Attorney for Petitioner